other trusts of a similar kind, no more limited residence of the trustee is required.

In conclusion, we think the order appointing the committee was improvidently granted, and whenever it was brought to the notice of the County Court it should have been vacated. So much of the order appealed from as denied the motion to set aside the proceedings subsequent to the filing of the inquisition is reversed, and such proceedings are vacated and set aside, to the end that the petitioner, Susan Van Wagner, may have an opportunity to renew her application for the appointment of a committee of the person and estate of the lunatic.

No costs of appeal are given to either party.

---

## REMINGTON *a.* KING.

*Supreme Court, Seventh District; Special Term, October,* 1858.

BUILDING COMPANY.—INDIVIDUAL LIABILITY OF STOCKHOLDERS.

A stockholder in a building company formed under chapter 122 of the Laws of 1851, who has made advances or incurred liabilities for the benefit of the corporation, may, when called upon to respond to his statutory liability, set off such advances or liabilities in extinguishment thereof.

Demurrer to answer.

The facts are stated in the opinion.

*Underwood, Cox,* and *Avery,* for plaintiffs.

*Filay M. King,* for defendant.

DAVIES, J.—The plaintiffs having a debt against an association organized under chapter 122, Laws of 1851, have recovered judgment against the association, and now bring suit against the defendant, as a shareholder in the association, to recover the same debt.

Remington *a.* King.

Section 11 of the act referred to, provides that " all shareholders of any association formed under that act, shall be individually liable to the creditors of said association, to an amount equal to the amount of stock held by them respectively, for all debts contracted by such association."

The defendant in his answer sets up, so far as it is material to consider, that he was a stockholder in said association to the amount of $200, and that at the time of the commencement of this suit he was a creditor of the corporation to an amount exceeding the amount of stock so owned by him, and being such creditor, he was not bound to respond to the plaintiffs' claim. To this portion of the answer the plaintiffs have demurred, thereby admitting the defendant's allegation.

The question is therefore raised by the demurrer, whether the defendant had a right to have his debt against the association go towards, or in liquidation of that which he owes by virtue of his being a stockholder.

As such stockholder, he is liable to pay, in addition to his stock, an equal amount for the benefit of the creditors of the association.

But he is himself also a creditor, having the same right as these plaintiffs, and equally entitled with them to be paid. They have no greater equities to be paid than he, and the circumstance that one has obtained a judgment against the association before the other, does not change their legal rights. The liability of the stockholder by the statute, is to pay " for all debts contracted by the association," to an amount equal to his stock. If the association has contracted a debt to this defendant, and that is conceded by the demurrer, no reason is perceived why that debt is not equally to be paid with that of these plaintiffs.

This would seem to be clear upon principle; but in this State, I regard it as established by authority which has not and cannot be questioned.

I refer to the case of Briggs *a.* Penniman (8 *Cow.*, 387). The statute creating the liability in that case, was in substance the same as that relied on in this.

WOODWORTH, J., in delivering the opinion of the court, says: " The question there is, whether a stockholder, who in addition to full payment for his stock, has made advances, and thereby became a creditor to the company, can be compelled to pay the

same sum to another creditor who prosecutes (should so much be necessary to satisfy him), without any allowance or deduction for the stockholder's individual debt. I entertain no doubt, that by a just construction of the act, where there are several creditors, the fund made liable for debt, if insufficient to discharge the whole, should be distributed ratably, and that the principle, that equality is equity, should be applied to such a case.

"This conclusion I apprehend would correspond with the spirit and intent of the act. It appears to me that a stockholder, who is also a creditor, stands on the same ground, and is entitled to claim under the act, equally as a creditor who is not a stockholder."

The only other opinion delivered in the court of last resort was by Senator SPENCER, who upon this point says: "The members of the company might *bona fide* advance money, as they allege they have done, to carry on the business of the association, and they are equally entitled with any other creditors to be indemnified from the funds of the company, or from the individual liability of the stockholders."

The question raised in this cause was distinctly presented to the court in the case of Tallmadge *a.* The Fishkill Iron Co. (4 *Barb.*, 382), and the case of Briggs *a.* Penniman, just cited, was referred to as authority.

It must, therefore, I think, be regarded as settled, that the stockholders, who have made advances, or incurred liabilities for the benefit of the corporation, may, when called upon to respond to a statutory liability, set off such advances or liabilities in extinguishment thereof.

It follows, upon the facts admitted by the demurrer, that the defendant is a creditor of the association to an amount greater than his statutory liability, and that consequently such liability is extinguished.

Judgment must therefore be given for the defendant, with costs. The plaintiffs to be at liberty within twenty days to withdraw the demurrer, and reply to the matters set up in the answer, on payment of costs.