FREDERICK LOUIS MATHEZ, Appellant, *v.* HEINRICH NEIDIG, Respondent.

A creditor of a manufacturing corporation, organized under the general manufacturing law of this State (chap. 40, Laws of 1848), in seeking to enforce the individual liability of stockholders imposed by said act (§ 12), where the stock has not been paid in, has his election either to bring an action at law against a stockholder, or to bring an action in equity, against all of the stockholders, for an accounting between them and all of the creditors.

Where, however, a stockholder is a creditor of the corporation to an amount equal to his stock, and his debt is one for which the stockholders are individually liable, an action at law cannot be maintained against him by another creditor; as he has an interest in the fund sued for, the amount of which can only be determined by an accounting, which cannot be had in such an action because the proper parties are not before the court.

Where the claim of the stockholder is for advances to the company, his liability to other creditors in an action at law is not affected by the

question whether the money advanced was used to pay obligations for which he was individually liable or not.

To enable such a stockholder to avail himself of this defense, it is not necessary that he should bring himself within the provisions of the act (§ 24) limiting the personal liability of stockholders to debts which are to be paid within one year, and requiring a suit to be brought against the company within that time.

Where a stockholder who was also president of a manufacturing corporation advanced to it money to pay its workmen, and paid out the same to them, *held*, that he thereby became a creditor, and this was a defense to an action by another creditor of the corporation against him as stockholder; and that this was so, even if defendant had been compelled to pay the claims in discharge of the liability imposed by said act (§ 18) upon stockholders to pay laborers, and assuming that this liability was in addition to that to pay creditors.

*It seems*, that a stockholder is absolutely discharged from his liability to creditors under said act by payment of an amount equal to his stock, on legal compulsion, and probably by voluntary payment, to any creditor or creditors for whose debts he is liable.

(Argued December 12, 1877; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts appear sufficiently in the opinion.

*Wm. Henry Arnoux*, for appellant. The liability of the stockholders of a corporation, the stock of which has not been paid in, was not created by the statute. (*Corning* v. *McCullough*, 1 N. Y., 47; *Worrall* v. *Judson*, 5 Barb., 200; *Abbott* v. *Aspinwall*, 26 id. 202; *Conklin* v. *Furman*, 57 id., 484; *Wickson* v. *Nesmith*, 46 N. H., 371; *Colman* v. *White*, 14 Wis., 700.) Debt is the proper form of action against stockholders. (*Simonson* v. *Spencer*, 15 Wend., 548; *Bullard* v. *Bell*, 1 Mason, 243; *Kincaid* v. *Dwinelle*, 59 N. Y., 548, 551.) The liability of stockholders is several. (*In re Hollister Bk.*, 27 N. Y., 393; *Weeks* v. *Love*, 1 J. & S., 397; 50 N. Y., 569; *Pettibone* v. *Graw*, 6 Mich., 441.) Stockholders are liable as principals, and not as sureties for the corporation. (*Moss* v. *Averill*, 10 N. Y., 449; *Moss* v.

*McCollough,* 7 Barb., 279; 5 Hill, 131; *Moss* v. *Oakley,* 2 id., 265; *Seymour* v. *Sturgess,* 26 N. Y., 134; *Mokelune Co.* v. *Woodbury,* 14 Cal.; 265; *Ohio Co.* v. *Merchants' Co.,* 11 Humph., 1.)   Pledgees who become stockholders, and others who have the apparent ownership of such stock are liable if not expressly exempted by statute.  (*Empire City Bank,* 18 N. Y., 199; *Rosevelt* v. *Brown,* 11 id., 148; *Holyoke Bank* v. *Burnham,* 11 Cush., 183; *Crease* v. *Babcock,* 10 Metc., 525;  *Grew* v. *Breed,* id., 569; *Ex parte Price,* 3 De G. & S., 146; *Worrall* v. *Judson,* 5 Barb., 210; *Adderly* v. *Storm,* 6 Hill, 624.)   Their liability does not arise as transferees of the stock, so they are not liable for prior debts. (*Tracy* v. *Yates,* 18 Barb., 152; *Bond* v. *Appleton,* 8 Mass., 472; *McDougal* v. *Bellamy,* 18 G., 44; *Whitehead* v. *Barrow,* 2 M. &. R., 248; *Chesley* v. *Pierce,* 32 N. H., 388.) Nor are they liable on an indebtedness accruing on an outstanding obligation after they cease to be stockholders. (*Cowles* v. *Cromwell,* 25 Barb., 413;  *Allen* v. *Mont. R. R. Co.,* 11 Ala. [N. S.], 439; *Boardman* v. *Osborn,* 23 Pick., 295.)   Such liability is personal only, and cannot be enforced against an executor of a liable stockholder unless so provided by law.  (*Nixon* v. *Green,* 11 Exch., 550; *Dodgson* v. *Scott,* 2 id., 457;  *Child* v. *Coffin,* 17 Mass., 64; *Marcy* v. *Clark,* id., 330; *Dane* v. *Dane Co.,* 14 Gray, 488;  10 Metc., 525; 569; 5 Conn., 57.)   The fact that the plaintiff is a stockholder of a corporation, the stock of which has not all been paid in, does not impair his right of action against the corporation or any other stockholder.   (*Woodruff W'ks* v. *Chittenden,* 4 Rob., 406;  3 Metc., 44; *Pierce* v. *Kearney,* 5 Hill, 82; *Blanchard* v. *Ely,* 21 Wend., 342.)   Defendant could not offset the servant's wages against plaintiff's claim. (*Conant* v. *Van Schaick,* 24 Barb., 87.)

*D. C. Brown,* for respondent.   Defendant was entitled to be credited on his liability on the unpaid stock with the moneys paid by him for the benefit of the corporation. (*Briggs* v. *Penniman,* 8 Cow., 387; *Talmage* v. *Fishkill*

*Iron Co.*, 47 Barb., 382; *Garrison* v. *Howe*, 17 N. Y., 458; *Weeks* v. *Love*, 50 id., 568.) The debt claimed by plaintiff not being payable in one year, defendant was not liable. (3 Stat. at Large, 738, § 24; 1 id., 563, §§ 2, 3, 4.)

CHURCH, Ch. J. The plaintiff, as a creditor of " The New York Improved Barrel Company," sought to recover against the defendant, as a stockholder of the company, under the provisions of section 10 of the General Manufacturing Law (chap. 40, Laws of 1848), which reads as follows: " All the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders to an amount equal to the amount of stock held by them, respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in."   &#42;  &#42;  &#42;

It was established and not disputed that the amount of the capital stock had not all been paid in; and although there was some dispute whether the defendant owned $2,000, $3,000 or $5,000 of the stock, that question was submitted to the jury, and is of no importance upon this appeal.

The defendant was president of the company for about three months, during which time he advanced $1,500, and purchased three notes against the company amounting to $3,000, which he surrendered to the company, and he also advanced about $2,500 from his own means, with which he paid the workmen.

The court held, in substance, that if the amount of stock owned by the defendant did not exceed these advances, the plaintiff could not recover. The learned counsel for the appellant presented, and elaborately argued, several propositions which, if correct, would require a reversal of the judgment. His principal contention is, " that only those payments which by law could be enforced against a stockholder, may be voluntarily paid by him and offset against a creditor." This proposition implies, I think, some misappre-

hension as to the nature and character of the defense interposed in this action, and the nature and extent of the remedy of creditors under the statute cited. A stockholder may be absolutely discharged from all liability under this statute, by payment, on legal compulsion, to any creditor or creditors for whose debts he is liable, if such payment equals the amount of his stock. His liability is measured by the amount of stock held by him. To entitle a stockholder to interpose such discharge as an absolute bar to a claim by other creditors, either at law or in equity, it would, I think, be incumbent upon him to show that the payment was made to a creditor or creditors for whose debts he was liable under the statute. He is only liable to pay the amount once; but the payment must be made in discharge of a statute liability. . Probably the same effect would result from a voluntary payment. The defense in this case rests upon a very different principle. The defendant was a creditor of the company for money advanced, and it matters not whether the money was used to discharge obligations for which the defendant was individually liable, under the statute, or not. The company was bound to pay all its debts, and could borrow money for that purpose. The money was used for the benefit of the company, and it became liable to the defendant, and he became its creditor for the amount. I agree with the counsel for the appellant, that the statute liability constitutes a fund which belongs to the creditors to secure the payment of their debts, but it belongs to all the creditors, as well those who are stockholders as those who are not. The defendant, as a creditor, had an interest in the fund as well as the plaintiff, and his debt was one which would be chargeable against the fund, because it was a debt against the company, for the payment of which stockholders were individually liable, and this would be so irrespective of the question whether the money advanced by the defendant was used to pay obligations for which he was individually liable or not. An action at law cannot be maintained against a stockholder, who is also a creditor to an

amount equal to his stock, for the reason that he has an interest in the fund sued for, and it cannot be known but that the whole fund is sufficient to pay all the debts. No accounting can be had, because the proper parties are not before the court. If the liability of other stockholders was sufficient to pay all the debts, his own liability would be balanced by his debt against the company. A stockholder owning $1,000 of stock with a debt against the company of $5,000, sued by a creditor for $1,000, would himself be entitled to five-sixths of the $1,000, if there were no other stockholders personally liable and no other debts ; and if there were other personal liabilities to the amount of $5,000, and no other debts, he would be entitled to $5,000 of the $6,000 constituting the fund. Hence it would be inequitable to permit a recovery against a stockholder thus situated. The creditor has his election to bring such an action against a stockholder, or to bring an action in equity, and have an accounting between all the stockholders and all the creditors, when the rights of each can be ascertained and protected. (*Bk. of Poughkeepsie* v. *Ibbotson,* 24 Wend., 73; *Briggs* v. *Pennington,* 8 Cow., 392.)

The defense interposed in this and analogous cases may not constitute an absolute bar to all claim like a recovery, and payment by another creditor for the whole amount of personal liability of a stockholder, nor is it strictly an offset at law, but it is a defense to this form of action, in the nature of an equitable offset, based upon the equitable rights of the defendant to the fund sought to be taken from his possession, without the necessary facts appearing to enable the court to determine the extent of those rights.

This question is not a new one in this court. In *Garrison* v. *Howe* (17 N. Y., 458), where substantially the same question was involved, DENIO, J., said: " Suppose a stockholder to be a creditor to just the amount of his stock; he ought not to be required to pay anything, unless the sum of the corporate debts is larger than the aggregate of all the liabilities of the stockholders. But he cannot, in this class of

actions, have an account, because the proper parties are not before the court. He must, therefore, upon the doctrine of the plaintiff in this suit, pay the debt sued for, though in equity he is not liable for anything; " and he stated the rule to be: " If the creditor cannot find a responsible stockholder, who is not at the same time a creditor to the amount of his stock, he must proceed for an account, if he ascertains that such a proceeding will result in recovering his debt."

A defendant in such an action may also, doubtless, bring an action for an accounting, or he may be content with interposing a defense, in whole or in part, to the plaintiff's action at law.

In the matter of the *Empire City Bank* (18 N. Y., 227), the doctrine is reiterated. The court say: " In such a case no account could be taken, and it would not regularly appear but that the plaintiff's debt was the only one in existence against the corporation; nor could it be shown but that there were other stockholders who were not creditors, whose liabilities were sufficient to satisfy the plaintiff's debt. In such a case the plaintiff ought to be exonerated to the extent of his own debt." I am not aware of any authority in conflict with these decisions, and we have been referred to none.

The rule commends itself to my judgment. Stockholders have the same right to deal with the corporation that other persons have, and, as creditors, they are entitled to the same measure of protection. It may be, as argued, that the rule might enable officers of corporations to make preferential payments to favored creditors, and thus work injustice to others; but, if any restrictions or limitations in this respect are necessary, the remedy is with the Legislature. Nothing appears in this case to warrant an inference of bad faith on the part of the defendant. The facts disclosed justify the inference that the money was advanced to the company to relieve it from pressing liability, and enable it to prosecute its business. I see no reason why the defendant, as a creditor, does not occupy as favorable a position as the plaintiff, and there is no justice in permitting the latter to recover money to which the former has an equal claim, in an action

where it cannot regularly be ascertained, but that other portions of the aggregate fund, which are accessible to the plaintiff, are sufficient to satisfy his demand.

It is also urged that to enable a defendant to interpose this defense, he must bring himself within the provisions of the twenty-fourth section of the act, limiting personal liability to debts which are to be paid within one year, and requiring a suit to be brought against the company within one year. This section has no application. As before noticed, the defense is not based upon the payment, compulsorily or otherwise, of a personal liability of the defendant, but upon his interest in the fund sought to be recovered by reason of being a creditor of the company. In the next place, the defendant is not seeking to enforce a personal liability in any such sense as is contemplated by that section.

It is also insisted that the amount advanced and paid to workmen cannot go in discharge of the defendant's liability under section 10, for the reason that by section 18 he was liable to pay laborers, servants, etc., and that such liability is in addition to that created by section 10, and therefore that payments in discharge of the latter liability cannot operate to reduce the former. True, the defendant, in common with all other stockholders, was liable to pay laborers, etc., but no such liability was enforced against him; nor does it appear that he made the payments in discharge of, or in consequence of, that liability. The evidence is that he advanced the money, and charged it to the company. He thereby became a creditor; and the fact that he paid the money to the workmen is not inconsistent. He was president of the company, and might properly pay them from whatever source the money was derived. But even if he had been compelled to pay those claims in discharge of the liability created by section 18, assuming that it is an additional liability to that created by section 10, as I think it is, would not the amount thus paid constitute a debt against the corporation? Would not the stockholder be entitled to recover it back from the company the same as if

paid on request? And if so, it is not perceived why the other stockholders would not be liable, or why the stockholder making the payment might not avail himself of it when sued as a debt against the company, for the purpose of securing a resort to the liability of others not thus situated. But it is not necessary to decide this point.

The judgment must be affirmed.

All concur, except ALLEN, J., absent.

Judgment affirmed.