JOSEPH AGATE, Appellant, *against* SAMUEL S. SANDS AND EDMUND B. AYMAR, Respondents.

(Decided April 2d, 1878.)

Whether or not a transaction put in evidence which is in writing is or is not a discharge of a judgment, is a question of law for the court, and not a question of fact for the jury.

The court cannot, in an action brought by a creditor of a corporation against stockholders to enforce their individual statutory liability to pay its debt, and where the complaint is framed solely to enforce such liability, and the trial is by jury, render judgment that the plaintiff's claim against the corporation be collected out of collaterals which, it appears upon the trial, are held by the defendants as security for the payment of a note which, when paid, was to be in satisfaction of a judgment which had been obtained by the defendants against such corporation.

Whether it is a defence to an action brought by a creditor of a corporation against defendants to enforce their individual statutory liability to pay its debt, that they are also creditors of the corporation to an amount exceeding the stock held by them, by reason of a judgment obtained by them for money advanced to the corporation, unless it is shown that the money was used to pay the debts of the corporation.—*Quære.*

APPEAL by the plaintiff from a judgment of this court, entered upon a verdict rendered for the defendants by direction of the court at a trial term.

The action was brought against defendants, who were stockholders of the Manhattan Sewing Machine Company, a corporation formed under the general act for the forma-

tion of corporations for manufacturing and other purposes passed in 1848, to enforce their individual liability for a debt of the corporation, upon the ground that the whole amount of the capital stock had not been paid in, and that no certificate of payment of the capital stock had ever been filed. Plaintiff had recovered, on November 23d, 1872, a judgment against the corporation for four months' rent which had become due September 1st, 1872.

The defence was, that the defendants were creditors of the corporation to an amount exceeding the amount of stock held by them, having advanced money to the corporation by discounting its note of $10,000, upon which they afterwards, on January 17th, 1873, had recovered judgment against the company and certain endorsers of the note.

It appeared upon the trial that defendants had received, on March 28th, 1873, from Cox, one of the endorsers, his note for $10,000, dated March 27th, 1873, at two months, upon an agreement that when paid the note was to be in full satisfaction of the judgment. It also appeared that, as collateral security for the payment of this note, the defendants at the same time received from Cox a certain other note and a mortgage. It did not appear that defendants had realized anything on either of the notes or the mortgage.

The plaintiffs called as a witness Mr. de Peyster, an attorney whom, as it had appeared by the testimony of one of the defendants, the defendants had given the corporation note to collect, and from him were obtaining some particulars as to the arrangement of the defendants with Cox in regard to the new note, and as to the subsequent history of the new note, when objection was made to the evidence as irrelevant. The court excluded all testimony which was offered in regard to the subsequent history of the new note, and defendant's connection with it, except such testimony as would tend to prove its payment. To this ruling plaintiff excepted.

*A. Loring Cushing*, for appellant.

*Sands & De Peyster* and *Albert Matthews*, for respondents.

JOSEPH F. DALY, J.—The plaintiff did not raise upon the trial the question which he discussed on the argument of his appeal—whether a mere advance by the defendants of money to the company, without proof that the money had been used in *paying debts* of the company, would protect the defendants against the claims of creditors of the corporation ( *Garrison* v. *Howe*, 17 N. Y. 458; *Tallmadge* v. *Fishkill Iron Co.*, 4 Barb. 382; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 473; *Briggs* v. *Penniman*, 8 Cow. 387). Had that question been raised at the trial, evidence might have been offered to show that the defendant's advances were actually used in paying the company's debts. We are not, therefore, at liberty to discuss the point now raised for the first time. The following questions were the only ones upon which plaintiff asked to be allowed to go to the jury:—

I. Was the discounting of the company's $10,000 note by defendants a *bona fide* transaction, or was it a mere contrivance to protect them in their purchase of the stock of the company?

II. If the discounting of that note was *bona fide*, was not the judgment obtained thereon satisfied in the transaction with Cox, and left open for the purpose of the defence?

As to the first point, there was no evidence in the case upon which the jury could have found that the discounting of the company's note by defendants was a contrivance to protect them, and not a *bona fide* transaction. As to the second point it is sufficient to say that whether the transaction with Cox operated as a discharge and satisfaction of the judgment against the company or not, it was a question of law for the court, and not a question of fact for the jury. The paper, assumed by the witnesses to be a release, was offered in evidence and appears in the case, and is no release, but simply a receipt for Cox's note with collaterals, and an agreement that when paid they shall be in satisfaction of the judgment.

The only remaining question is, whether defendants were entitled to a dismissal of the complaint, or whether plaintiffs were entitled to equitable relief in this action with respect

to the collaterals held by defendants under their agreement with Cox. The court permitted plaintiff to prove, if he could, that the defendant's claim against the company had been paid in whole or in part by the avails of the collaterals, which he was unable to do. It may be that in the proper form of action the plaintiff would be entitled to enforce the collection of these collaterals, but the pleadings in this case warrant no judgment to that effect. (*Wright* v. *Delafield*, 25 N. Y. 266.)

The judgment should be affirmed with costs.

CHARLES P. DALY, Chief Justice.—I concur in the affirmance of this judgment. The defendants proved that the judgment was recovered upon a note of the company for $10,000, which they, the defendants, discounted, and none of the evidence given by the plaintiff, or embraced in his very general offer, was evidence tending to show that the original transaction was a contrivance to protect the defendants against their statute liability as stockholders. It might, coupled with other circumstances, have raised a question of *bona fide*, sufficiently to entitle the jury to consider and pass upon such a point, but of itself it amounted to nothing, and in no way impaired or affected the defendant Sands' statement that the note was discounted at the request of the president of the company.

VAN HOESEN, J., concurred in the opinion of JOSEPH F. DALY, J.

Judgment affirmed with costs.