McAdam, Ch. J.
The American Opera Company, Limited, was organized under the act of 1875 (c. 611), and the defendant is sought to be charged in a dual capacity.
First, as stockholder, on the ground that the whole amount of capital stock fixed and limited by the company at $250,000, and afterwards increased to $500,000, has not been paid in (§ 37).
Second, as a director, on the ground that the annual report made by the corporation, signed by the defendant and filed January 20, 1887, was false in several material particulars (§ 21).
The liabilities incurred in these two capacities are governed by different rules. As stockholder, the defendant became liable (if at all) to an amount equal to the amount of stock held by him (§ 21), and as to this form of responsibility, it is a defense that the stockholder is a creditor of the company to the amount equal to the amount of his stock (Mathez v. Neidig, 72 N. Y. 100 ; Agate v. Sands, 73 Id. 620 ; Wheeler v. Millar, 90 Id. 353).
It is no defense that the particular stockholder sued has paid his stock in full, for if other stockholders are in de *75 fault lie is liable (Wheeler v. Millar, supra), though guilty of no personal dereliction himself. The liability in such a case constitutes a fund which belongs to the creditors, as well those who are stockholders as those who are not. The cases cited, though decided under the manufacturing act of 1848, are equally applicable to the provisions of the business act of 1875. The language of the several sections construed is substantially the same, and their re-enactment in the later statute is an adoption by the legislature of the construction previously put upon them by the courts under the former act (People ex rel. Outwater v. Green, 56 N. Y. 466).
As director, however, the defendant is liable (if at all) for all debts of the corporation while he was a director (§ 21), without limitation as to the amount. The liability is unlimited, because designed to punish the fraudulent act of the officer for making false representations as to the pecuniary condition of the company, calculated to deceive the public and induce persons to extend credit to the company, which they might not have been induced to give if the truth had been made known. To such a liability it will not do for the director to say in defense that he is a creditor of the corporation, for that will not excuse a fraud through which another has suffered a personal pecuniary loss.
The fact that the defendant is a creditor of the corporation to an amount exceeding the amount of stock held by him constitutes a complete defense to his liability as stockholder, but for the reasons stated it furnishes no answer whatever to his liability as director.
The plaintiff has grouped both grounds together. She may fail as to one and succeed as to the other. As she has, figuratively speaking, attempted a double-barreled remedy, she cannot complain that the defendant has interposed a legal fortification as protection against the one, and a denial of fraud as a defense to the other.
It follows, therefore, that the demurrer must be overruled, with leave to the plaintiff to withdraw the demurrer on payment of §10 costs in each case.