ALICE RICHARDS, Appellant, *against* SAMUEL KINSLEY, Respondent.

(Decided December 5th, 1887.)

The fact that a director and stockholder of a corporation formed under the Limited Liability Act of 1875 is also a creditor of the company, is not a defense to an action to charge him with a debt of the corporation on the ground of his having signed a false annual report; but is a

Richards *v.* Kinsley.

defense to an action to charge him with such a debt, on the ground of an unpaid subscription by him to the corporate stock.

The complaint in an action against a director and stockholder of such a company sought to charge him for a debt of the company on the grounds that he had not paid the whole of his subscription to the stock, and that as director he had signed a false annual report. *Held,* that the complaint stated but one cause of action, and therefore defendant could set up in defense that he was a creditor of the company.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court sustaining a demurrer to a complaint.

The defendant was, at the times mentioned in the complaint in this action, a director in the American Opera Company, Limited, — a domestic corporation organized under the Limited Liability Act of 1875. The plaintiff is a judgment creditor of the said corporation in the amount of $145.04, with interest from January 29th, 1887, that being the day when said judgment was recovered.

The complaint alleges the above facts, and also that said defendant was one of the incorporators of said company and a stockholder holding eighty shares of its stock which he has not fully paid for; and also that the original capital stock of said company was $250,000, which was increased on the 23d day of July, 1886, to $500,000, of which capital stock only $148,000 has ever been paid in. Said complaint further alleges that said defendant signed an annual report of such corporation, dated January 3d, 1887, which was filed in the office of the secretary of state, at Albany, New York, on or about the 20th day of January, 1887, and which was false in several material particulars. Judgment is demanded against said defendant for the amount of said judgment recovered by plaintiff as aforesaid, against said corporation.

The answer denies that the shares of stock held by the defendant have not been fully paid for; admits that defendant is a director in said corporation and that he signed the annual report above referred to; admits, by not denying, that the whole of the capital stock of said company has not

been paid in, and alleges that defendant has no knowledge or information sufficient to form a belief as to any of the other allegations in said complaint contained, including the various matters wherein it is charged in said complaint that said annual report was false.

For a further and separate defense to the cause of action set forth in the complaint, the defendant alleges, "That heretofore and before the commencement of this action, the defendant advanced and loaned to the said American Opera Company, Limited, the sum of $8,000, which sum was to be repaid to this defendant; but the same has not been repaid, and there is now due and owing to this defendant by the said American Opera Company, Limited, the sum of $8,000, on account of the money loaned as aforesaid."

To such so-called further and separate defense last quoted, the plaintiff demurred on the ground that the same is not sufficient in law, and states no facts sufficient to constitute a defense to this action. Such demurrer was overruled at the Special Term of the City Court. The interlocutory judgment thereon entered was affirmed at the General Term of that court; and from the order of affirmance plaintiff appealed.

*Wm. W. Badger*, for appellant.

*Eaton & Lewis*, for respondent.

LARREMORE, Ch. J. — [After stating the facts as above.] — The argument of the learned counsel for the appellant starts with a misconception as to the character of the complaint. It does not state two causes of action, and therefore section 483 of the Code, requiring separate causes of action to be separated and numbered, does not apply.

Separate causes of action exist where the plaintiff might demand separate judgments for different sums of money or different forms of relief in distinct actions if he did not elect to include his whole claim against the defendant in a single action. In the present action the plaintiff sets up

Richards *v.* Kinsley.

separate grounds upon which she is entitled to recover the same amount, and two distinct theories upon which the defendant is liable to her for identically the same sum of money. But this is no more setting up separate causes of action within the meaning of section 483 of the Code than it would be if a plaintiff should allege a contract and also a *quantum meruit* by which he is entitled to recover the same debt.

The only question, therefore, arising is whether the matter in the answer to which the plaintiff objects, would, if true, operate as a defense to either of the grounds upon which the plaintiff bases her cause of action.

To the attempt to hold defendant liable in the amount of plaintiff's judgment against the company on the ground of alleged false representations and mis-statements of fact in the annual report, the matter complained of would constitute no defense, because the liability so arising is intended as a penalty for the deceitful act of any officer who misleads or joins others in misleading the creditors of the company or the public as to the financial resources and pecuniary condition of the corporation.

If this were the only ground upon which the plaintiff sought to hold the defendant liable in the amount of said debt, the demurrer would have to be sustained. But if the defendant establishes on the trial that the statements contained in the said annual report were, as matter of fact, true, then the plaintiff will still seek to hold him liable for the amount of the debt in question on the ground that the capital stock of the company has not all been paid in. It has been established by a line of authorities in this state that in the latter event the matter pleaded in the answer would, if true, constitute a valid defense.

A creditor of a corporation, seeking to enforce his rights, has his option of two remedies.

(1) He may bring an action in equity for a general accounting, in which all stockholders and creditors should be parties. In such a proceeding, all the persons interested would be before the court; and it, upon adjusting the

merits of the controversy, would require that all stock-holders pay in the amount of their stock, and all creditors, including such creditors as were stockholders, receive pro-portionate dividends.

(2) The creditors may proceed at law against any stock-holder under the special right to sue conferred by statute, and hold such stockholder liable up to the amount of his stock subscription. But it has been the settled law of this state for a long period that where a creditor chooses the latter remedy, the stockholder sued may set up as a defense that he is himself a creditor of such corporation (*Briggs* v. *Penniman*, 8 Cow. 387; *Garrison* v. *Howe*, 17 N. Y. 458; *Mathez* v. *Neidig*, 72 N. Y. 100; *Wheeler* v. *Millar*, 90 N. Y. 353). It is unnecessary to inquire into and state at length the reasons for this rule, as it is now too firmly estab-lished to admit of question.

The principle involved is discussed in *Mathez* v. *Neidig* (*supra*), in which CHURCH, Ch. J., uses the following lan-guage: "I see no reason why the defendant, as a creditor, does not occupy as favorable a position as the plaintiff, and there is no justice in permitting the latter to recover money to which the former has an equal claim, in an action where it cannot regularly be ascertained but that other portions of the aggregate fund, which are accessible to the plaintiff, are sufficient to satisfy his demand."

Of course the debt against the corporation set up by the defendant must be a *bona fide* one. The stockholders of "bubble companies whose capital stock is not paid in" can-not, as a subterfuge, become possessed of "the worthless paper which the companies have set afloat," and offset it as a valid defense to the claim of an honest creditor. The question of the *bona fides* of an alleged debt due the de-fendant from the corporation is one of the questions of fact to go to the jury, in case the plaintiff seeks to recover on one of the grounds for her cause of action alleged in her complaint, that is, her attempt to charge the defendant stockholder, as such, under the provisions of section 37 of chapter 611 of the Laws of 1875.

Chief Justice McAdam has shown, in his opinion on the appeal to the court below, that the cases above cited, though decided under the Manufacturing Act of 1848, are equally applicable under the provisions of the Business Act of 1875. " The language of the several sections construed is substantially the same, and their re-enactment in the later statute is an adoption by the legislature of the construction previously put upon them by the courts under the former act."

It follows, therefore, that upon one of plaintiff's theories and grounds of action, the allegation in regard to defendant's own debt against the corporation, would (if true) constitute a valid defense against. the plaintiff's claim, and that the demurrer was rightly overruled. The mere arrangement, the order in which matters of defense are set up, is immaterial, as the complaint sets forth but a single cause of action.* . . .

The order of the General Term of the City Court, affirming the order overruling plaintiff's demurrer to the defense in question, should be affirmed, with costs of this appeal,

J. F. Daly and Van Hoesen, JJ., concurred.

Order affirmed, with costs.

---

* Part of the opinion, relating to a question not affecting the decision, is omitted.