Larremore, Ch. J
The argument of the learned counsel for the appellant starts with a misconception as to the character of the complaint. It does not state two causes of action, and, therefore, section 483 of the Code, requir *703 ing separate causes of action to be separated and numbered does not apply. Separate causes of action exist where the plaintiff might demand separate judgments for different sums of money, or different forms of relief in distinct actions, if he did not elect to include his whole claim against the defendant in a single action. In the present, action, the plaintiff sets up separate grounds upon which she is entitled to recover the same amount, and two distinct theories upon which the defendant is liable to her for identically the same sum of money. But this is no more setting up separate causes of action, within the meaning of section 483 of the Code, than it would be if a plaintiff should allege a contract and also a quantum meruit, by which he is entitled to recover the same debt.
The only question, therefore, arising is whether the matter, in the answer to which the plaintiff objects, would, if true, operate as a defense to either of the grounds upon which the plaintiff bases her cause of action.
To attempt to hold defendant liable in the amount of plaintiff’s judgment against the company on the ground of alleged false representations and misstatements of fact in the annual report, the matter complained of would constitute no defense, because the liability so arising is intended as a penalty for the deceitful act of any officer who misleads or joins others in misleading the creditors of the company or the public as to the financial resources and pecuniary condition of the corporation.
If this were the only ground upon which the plaintiff sought to hold the defendant liable in the amount of said debt, the demurrer would have to be sustained. But, if the defendant establishes on the trial that the statements contained in said annual report were as matter of fact, true, then the plaintiff will still seek to hold him liable for the amount of the debt in question on the ground that the capital stock of the company has not all been paid in. It has been established by a fine of authorities in this state, that in the latter event the matter pleaded in the answer, would, if true, constitute a valid defense.
A creditor of a corporation seeking to enforce his rights has his option of two remedies:
First. He may bring an action in equity for a general accounting, in which all stockholders and creditors should be parties. In such a proceeding, all the persons interested would be before the court; and it upon adjusting the merits of the controversy would require that all stockholders pay in the amount of their stock, and all creditors, including such creditors as were stockholders, receive proportionate dividends.
Second. The creditor may proceed at law against any *704 stockholder, individually, under the special right to sue conferred by statute, and hold such stockholder liable, up to the amount of his stock subscription. But it has been the settled law of this state, for a long period, that where a creditor chooses the latter remedy, the stockholder sued, may set up as a defense, that he is himself a creditor of such corporation. Briggs v. Penniman, 8 Cow., 387; Garrison v. Howe, 17 N. Y., 458; Mathez v. Neidig, 72 id., 100; Wheeler v. Millar, 90 id., 353.
It is unnecessary to inquire into and state at length the reasons for this rule, as it is now too firmly established to admit of question.
The principle involved is discussed in Mathez v. Neidig (supra), in which Church, Ch. J., uses the following language: “I see no reason why the defendant, as a
creditor, - does not occupy as favorable a position as the plaintiff, and there is no justice in permitting the latter' to recover money, to which the former has an equal claim, in an action where it cannot regularly be ascertained but that other portions of the aggregate fund, which are accessible to the plaintiff, are sufficient to satisfy his demand.
Of course, the debt against the corporation, set up by defendant, must be a bona fide one. The stockholders of “bubble companies, whose capital stock is not paid in/’ cannot, as a subterfuge, become possessed of “the worthless paper, which the companies have set afloat,” and offset it as a valid defense to the claim of an honest creditor.
The question of the bona fides of an alleged debt, due the defendant from the corporation, is one of the questions of fact to go to the jury, in case the plaintiff seeks to recover on one of the grounds for her cause of action, as alleged in her complaint, that is, her attempt to charge the defendant stockholders as such, under the provisions of section 37 of chapter 611 of the Laws of 1875.
Chief Justice MoAdam has shown, in his opinion on. the appeal in the court below, that the cases above cited, though decided under the manufacturing act of 1848, are equally applicable under the provisions of the business act of 1875 “The language of the several sections construed is substantially the same, and their re-enactment in the latter statute is an adoption by the legislature of the construction previously put upon them by the courts under the former act.”
It follows, therefore, that upon one of the plaintiff’s theories and grounds of action, the allegation in regard to defendant’s own debt against the corporation would, if true, constitute a valid defense against the plaintiff’s claim, and that the demurrer was rightly overruled.
*705 The mere arrangement — the order in which matters are .set up—is material, as the complaint sets forth but a single cause of action. I have decided this appeal solely upon the question raised and discussed thereon, ignoring the fact that the complaint in its present shape would not authorize a recovery against defendant on the ground of his being a stockholder, because it is not therein alleged that execution has been issued against the corporation and returned unsatisfied. See opinion in Bicharás v. Beach, this general term. If the complaint did not contain allegations tending to charge defendant, as a director, it would be demurrable This objection to the complaint may be raised at the trial, in case the plaintiff offers proof for the purpose of charging defendant in his capacity of stockholder.
And on the other hand, if an execution w;as, as matter of fact, issued and returned unsatisfied, before the commencement of this action, it will be in the discretion of the trial judge to grant a motion to amend the complaint by adding an allegation to that effect.
The order of the general term of the city court affirming the order overruling the plaintiff’s demurrer to the defense in question, should be affirmed, with costs of this appeal.