BURGET v. ROBINSON.

(Circuit Court of Appeals, First Circuit. January 24, 1902.)

No. 404.

CORPORATIONS—SUIT BY RECEIVER TO ENFORCE PERSONAL LIABILITY OF STOCK-
HOLDERS—SET-OFF.

By well-settled rules, the individual liability of a stockholder in a
Minnesota corporation is not to the corporation, but to its creditors;
and hence, in a suit against such stockholder to enforce such liability,
the defendant cannot set off an indebtedness due from the corporation
to him.

In Error to the Circuit Court of the United States for the District
of Massachusetts.

John Corcoran and William B. Sullivan (Crosby & Nixon, on the
briefs), for plaintiff in error.

Stiles W. Burr (John W. Saxe, on the briefs), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District
Judge.

PUTNAM, Circuit Judge. This suit was brought to enforce the
liability of the defendant below as a stockholder in a corporation organ-
ized under the laws of Minnesota. The judgment of the circuit court
was against him, and thereupon he sued out this writ of error. With
the exception of a single particular, the case involves questions dis-
posed of by us in Hale v. Hardon, 37 C. C. A. 240, 95 Fed. 747, and
is determined by it.

It is not necessary to consider the proposition made by the defendant
below that certain legislation of Minnesota, subsequent to his acquir-
ing the stock in the corporation in question, is ineffectual, because, in-
dependently of that, the principles asserted in Hale v. Hardon are suffi-
cient to sustain the judgment, unless the defendant below is entitled to
an offset as a general creditor of the corporation. He is admittedly
a general creditor for a larger amount than that claimed from him as
a stockholder. Nevertheless, in order to lay the foundation of a right
of set-off, either at law or in equity, the claims pro and con must be
in the same interest. A trustee, enforcing a claim in behalf of his
trust, is not subject to set-off of the claims of the debtor of the trust
against the trustee individually. In the present case, the plaintiff
below stands as the representative of the creditors of the corporation,
and not of the corporation itself, so that the cross demands are not in
the same interest within the rules applicable to set-offs. The underly-
ing principle which applies in this respect has been so many times, and
so thoroughly and broadly, stated by the supreme court, that it is
not necessary for us to explain them further.

The judgment of the circuit court is affirmed, with interest, and the
costs of appeal are awarded to the defendant in error.