HALE v. CALDER et al.

(Circuit Court, D. Rhode Island. February 8, 1902.)

No. 2,623.

1. CORPORATIONS—SUIT BY RECEIVER TO ENFORCE PERSONAL LIABILITY OF STOCKHOLDERS—SET-OFF.

The individual liability of a stockholder in a corporation created by the statute of Minnesota is not to the corporation, but to its creditors; and hence, in a suit by a special receiver to enforce such liability against a stockholder, the defendant cannot set off an indebtedness due from the corporation to him.

2. SAME—DEFENSES—SUIT IN ANOTHER JURISDICTION.

Gen. St. Minn. § 5911, provides for the calling in by publication of all creditors of a corporation in a suit on behalf of creditors to enforce the statutory liability of the stockholders, and all who become creditors of a Minnesota corporation by their contract submit themselves to such provision. Hence, in an action by a special receiver, appointed in such a suit, to enforce the assessment made therein against a stockholder, a plea alleging that defendant is a creditor of the corporation, and did not receive notice of the suit, nor appear therein to prove his claim, where the declaration alleges that the provision of the statute was complied with, is insufficient; nor does a plea setting up such fact constitute ground why a court of another jurisdiction should not entertain the action upon the principles of comity.

At Law. On plaintiff's demurrer to fourth, fifth, and sixth pleas.

M. H. Boutelle, Robert W. Burbank, and Eben Winthrop Freeman, for plaintiff.

Van Slyck & Mumford, for defendants.

BROWN, District Judge. The fourth plea is a strict plea of set-off, and the demurrer to this plea must be sustained, on the authority of the decision of the circuit court of appeals for this circuit in Burget v. Robinson, 113 Fed. 669, rendered January 24, 1902.

I am of the opinion, also, that the fifth plea must be regarded merely as a plea in set-off, and that the main defense of the defendants must be considered solely upon the sixth plea. The demurrer to the fifth plea is therefore sustained, for the same reason applicable to the fourth plea.

By the sixth plea the defendants set up the fact that they were creditors of the corporation to the amount of about $2,000, with interest; that by reason of this fact they were, at the time of the commencement by Rogers of the suit in behalf of himself and all other creditors of said Northwestern Guaranty Loan Company, entitled to be notified of the pendency of said suit, and to have an opportunity to intervene therein, and to have the said sums of money due them set off against their liability as stockholders. They aver that they did not receive notice of the pendency of said suit, and did not have an opportunity to intervene therein as aforesaid. They contend that, since the equities arising from the dual position of the defendant as creditor and stockholder cannot be adjusted in this suit, the action will not be permitted, and rely on Mathez v. Neidig, 72 N. Y. 100. Quoting the opinion of Judge Aldrich in Hale v. Hardon, 37 C. C. A. 268, 95 Fed. 775, to the effect that "whether a receiver shall or shall not maintain an action

extraterritorially is not a question of absolute right," the defendants contend that the additional facts pleaded by them take the case at bar out of the reason of the decision in Hale v. Hardon, and present to this court grounds which should induce it to deny the exercise of principles of comity in favor of the plaintiff in the present case.

It should be observed, however, that the declaration, not demurred to in this respect, alleges that in the suit by Rogers, "according to and as provided by the laws of said state, such proceedings were had in said cause that an order was therein entered limiting the time within which creditors desiring to participate therein should intervene and present and file complaints in intervention, and due notice of such order given to all parties in interest, all as provided by the laws of said state." Section 5911 of the Minnesota statute, referred to in Hale v. Hardon, 37 C. C. A. 243, 257, 271, 272, 95 Fed. 750, 764, 778, 779, and at other places, provides for notice by publication. The plea does not set forth that notice was not given by publication, as provided for in the statute, but merely that the defendants did not receive notice of the pendency of said suit. The question then arises whether, as creditors of the corporation, the defendants submitted themselves to the laws of Minnesota, which provided for notice by publication. On page 257, 37 C. C. A., and page 764, 95 Fed., in the opinion in Hale v. Hardon, it was said:

"The Minnesota statute (section 5911) provides for calling in all the creditors, and the creditors have by contract submitted their rights to the operation of such provision of law of the corporate domicile."

In view of this it would seem that this court, despite arguments to the contrary, must apply in this case the rule that these creditors, in dealing with the corporation, have assented to this provision making publication due notice to them. Therefore the plea is insufficient to meet the allegations of the declaration. Although it is true that the declaration avers that by reason of the nonresidence of the defendants they were not and could not have been served with process in said suit, and did not enter an appearance therein, I think we are forced to assume on this record (the declaration alleging the fact that the statute was complied with) that there was statutory notice by publication. It is apparent, however, that the right of which the defendants complain that they have been deprived through lack of actual notice was merely a right as creditors to participate in the distribution of the proceeds realized by this receiver. The declaration avers that creditors filed claims and demands in intervention aggregating upward of $2,000,000. The right, if any, of these creditors, was to add their $2,000 claim to the claims for $2,000,000, and in proper proportion share in the proceeds of a judgment against them upon their liability as stockholders. The contention that they are entitled to offset against their liability as stockholders the entire amount of their claim against the corporation is untenable.

As the plaintiff states a cause of action sustainable upon the principles of Hale v. Hardon and Burget v. Robinson, and as the defendants' sixth plea does not allege any failure on the part of the plaintiff, or of those through whom the plaintiff derives his rights, to observe the provisions of the Minnesota statute, and as the plea does not disclose

sufficient ground upon which, by the application of the principles of comity, we could deny the plaintiff's right to maintain this suit, even were the legal questions on this point free from doubt, the demurrer to the sixth plea must be sustained.

Demurrers to fourth, fifth, and sixth pleas sustained.