STRAW & ELLSWORTH MANUFACTURING COMPANY v. L. D. KILBOURNE BOOT & SHOE COMPANY.[1]

June 17, 1904.

Nos. 13,968—(113).

**Insolvent Corporation—Filing Claim of Creditor.**

An order, made in proceedings under chapter 76, G. S. 1894, to wind up the affairs of a corporation, permitting a creditor to present his claim to the receiver after the time limited therefor by a previous order of the court, *held* not an abuse of discretion.

[1] Reported in 100 N. W. 100.

Joint appeal by plaintiff, H. P. Crouse and another, intervenors, and Horace R. Robinson, as receiver of defendant company, from an order of the district court for Hennepin county, Harrison, J., permitting Richard A. Burget to intervene in the action as a creditor of defendant, and, upon proof of his claim, to participate in any future distribution of funds to be made therein. Affirmed.

*Stiles W. Burr,* for appellants.

*Dodge & Webber,* for respondent.

BROWN, J.

The facts in this case are as follows: The L. D. Kilbourne Boot & Shoe Company was in March, 1887, a corporation duly created and existing under the laws of this state. It became insolvent, unable to pay its debts, and proceedings were commenced in the district court of Hennepin county, under chapter 76, G. S. 1894, to wind up its affairs. A receiver was appointed, who took charge of its assets. In March, 1898, an order was made fixing October 1, 1898, as the time within which claims might be presented against the insolvent corporation. The assets of the concern being insufficient to pay its debts, an order was made in 1899 assessing the stockholders, as provided by chapter 272, Laws 1899, to the extent of seventy-five cents on the dollar of their holdings. Respondent Burget was a stockholder, a resident of the state of Massachusetts, but he did not appear in any of the proceedings in the courts of this state prior to making this application. Notice of the assessment was given him, but he refused to pay the same, and an action was brought against him in the United States Circuit Court of the District of Massachusetts to recover the amount thereof. See 126 Fed. 429. He interposed a defense, and the action was pending until January, 1902, when a judgment against him was affirmed by the Circuit Court of Appeals (113 Fed. 669), the amount of which he subsequently paid to the receiver. Thereafter an order of the court in Hennepin county was made assessing the stockholders the further sum of twenty-five cents on the dollar, making a total assessment of one hundred per cent. of each share of stock held by them.

During all this time Burget was a creditor of the insolvent corporation, but never presented his claim to the receiver for allowance. About the time of the second assessment upon the stock he made appli-

cation to the district court of Hennepin county for leave to file his claim against the concern, and for leave, also, upon establishing his claim, to share in any sum previously distributed by the receiver to the creditors. The court granted the application to file his claim, but denied the right to participate in funds already distributed by the receiver, and imposed, as a condition to granting the relief, that he pay the second assessment of twenty-five per cent. upon his stock, and limited his right to participate in the assets of the corporation to such funds as might thereafter come into the hands of the receiver. From the order granting this relief, this appeal was taken.

The only question presented by the record and the elaborate briefs of counsel is whether the court below abused its discretion in permitting Burget to appear in the proceedings, file and prove his claim, and participate in the subsequent distribution of funds coming into the hands of the receiver. A careful examination of the record leads to the conclusion that the trial court should be sustained. While it is perhaps a border case, we are not prepared to say, in view of all the circumstances disclosed in the record—an extended mention of which in this opinion would serve no useful purpose—that the court abused its discretion in the premises. There was, it is true, a considerable lapse of time between the date fixed for filing claims and the making of this application, but the delay was sufficiently excused. The parties were in litigation during the greater part of the time, and, as soon as the rights of Burget became settled by final decision of the court, he made his application to present his claim with sufficient diligence.

Order affirmed.