CHARLES W. HANDY, Appellant, *v.* JACOB K. DRAPER, Respondent.

A creditor of a corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848) cannot maintain an action against a stockholder to enforce the liability to creditors imposed by said act (§ 10), until he has obtained a judgment upon his claim against the corporation, and an execution has been issued thereon and returned unsatisfied.

The statute of limitations, therefore, does not begin to run in favor of a stockholder until after the return of execution against the corporation.

*It seems* that under said act the conditions of enforcing such liability are : *First.* The debt must be one payable within a year from the time it was contracted. *Second.* Suit against the corporation must have been brought within a year after the debt became due. *Third.* Execution against the company must have been returned unsatisfied. *Fourth.* Suits against persons who have ceased to be stockholders must be brought within two years thereafter.

Defendant's liability in such an action is limited to the amount of his stock with interest from the time of the commencement of the action.

Accordingly *held* that the allowance of interest from the date of the recovery of judgment against the corporation was error.

*Handy* v. *Draper* (23 Hun, 256), reversed.

(Argued April 28, 1882 ; decided May 30, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 14, 1880, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 23 Hun, 256.)

This action was brought against defendant as a stockholder of the Manhattan Sewing Machine Company, a corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848), to enforce the liability to creditors imposed by said act (§ 10), where the whole amount of capital stock has not been paid in.

The defense among other things was the statute of limitations. An action had been brought against the corporation, judgment recovered and execution returned unsatisfied. Defendant was a stockholder at the time of the commencement of this action. It was begun more than six years after the commencement of the action against the corporation, but within six years of the date of the return of execution on the judgment therein.

The Special Term allowed interest on the amount of defendant's stock from the date of the judgment against the corporation.

*A. Loring Cushing* for appellant. The amount of the stock held fixes the amount of the debt for which the stockholder is liable, and interest is to be added to this debt from the time the stockholder became liable to pay it, or became the debtor. (*Corning* v. *McCullough*, 1 N. Y. 54–55; *Moss* v. *Oakley*, 4 Hill, 265; *Burr* v. *Wilcox*, 22 N. Y. 55; *Shellington* v. *Howland*, 53 id. 371.) A stockholder cannot be sued under section 10 of the act of 1848 (Chap. 40), until after a judgment has been obtained against the corporation, and an execution issued thereon returned unsatisfied. (*Lindsley* v. *Simmonds*, 2 Abb. [N. S.] 76; Potter's Dwarris on Statutes, 187; *Lambert* v. *The People*, 76 N. Y. 220; *Jagger Co.* v. *Walker*, 43 N. Y. Sup. Ct. 275; *Agate* v. *Edgar*, Gen. Term Ct. of C. P.; *Handy* v. *Draper*, Opinion of Mr. Justice COOKE, Sup. Ct., Spec. Term, 2d Jud.

Dept. ; *Merritt* v. *Reid,* Gen. Term Ct. of C. P., 1881 ; *Rocky Mount. Nat. Bank* v. *Bliss,* Opinion by Mr. Justice VAN VORST, Sup. Ct., Spec. Term, 1st Jud. Dept. ; Affirmed by Gen. Term of same Court, May, 1881 ; *Dean* v. *Mace,* 19 Hun, 391; *Shellington* v. *Howland,* 53 N. Y. 371 ; *Johnson* v. *H. R. R. R. Co.,* 49 id. 462; *Kincaid* v. *Dwinelle,* 59 id. 548 ; *Weeks* v. *Suydam,* 64 id. 175.)

*James W. Treadwell* for respondent. The only prerequisite to the right of action against a continuing stockholder is the commencement of suit against the company. (*Shellington* v. *Howland,* 67 Barb. 14.)

ANDREWS, Ch. J. We think that by the true construction of section 24 of the Manufacturing Corporations Act of 1848, it is a condition precedent to maintaining an action against a stockholder, to enforce the liability to creditors imposed by the tenth section, that the creditor should have obtained judgment upon his claim against the company, and that an execution should have been issued thereon and returned unsatisfied. The claim that the last clause of the section applies only to actions against persons who have ceased to be stockholders, makes the provision in the first part of the section which exempts an existing stockholder from liability, unless a suit " for the collection of the debt shall be *brought* against such company within one year after the debt shall become due," unnecessary and useless. No reason can be perceived for the requirement that a suit shall be first brought against the company as a condition of bringing an action against a stockholder, unless it was also intended that the remedy against the company, by the issuing and return of an execution, should be first exhausted. There is doubtless some obscurity in the section growing out of the arrangement of its several parts. The legislature intended to make a distinction in favor of those who had ceased to be stockholders in the company, by making a short statute of limitations applicable to persons so situated. It was therefore provided that suits against persons who had ceased to be stock-

holders must be brought within two years thereafter. This provision was interjected into the body of the section, and following it is a specification of a condition in addition to those previously mentioned, " nor until an execution against the company shall have been returned unsatisfied in whole or in part," which we think was intended to apply in all cases. The section plainly treats the corporation as the primary debtor, and the liability of the stockholder as ultimate and subsidiary.

The tenth section makes stockholders, under special circumstances, liable " to creditors of the *company* " for " debts and contracts" of the *company*. The twenty-fourth section defines the conditions of enforcing such liability, *first*, that the debt must be one payable within a year from the time it was contracted ; *second*, that suit against the company must have been brought within a year after the debt became due ; *third*, that execution against the company must have been returned unsatisfied ; and, *fourth*, that suits against persons who have ceased to be stockholders must be brought within two years thereafter. This is not the literal language of the section or the order in which the conditions are stated, but we think the arrangement suggested expresses the real intention of the legislature. Such a construction gives force and meaning to the entire section and is in harmony with the equitable rule that, before resorting to a surety, the creditor should exhaust his legal remedy against the principal when it will not impair the obligation of the creditor's contract or substantially impair his remedy. The construction here given to the section was expressly recognized by this court in *Kincaid* v. *Dwinelle* (59 N. Y. 548), and it has been adjudged by other courts in well-considered cases. (*Lindsley* v. *Simonds*, 2 Abb. [N. S.] 69 ; *Agate* v. *Edgar*, N. Y. Com. Pleas, not reported ; *Rocky Mountain Bank* v. *Bliss*, Sup. Ct., 1st Dept., not reported ; *Dean* v. *Mace*, 19 Hun, 391.) We think the Special Term should have allowed interest only from the time of the commencement of the suit. The General Term should have corrected the judgment in this particular, and this may now be done.

The order of the General Term should be reversed and the judgment of the Special Term affirmed with the proper modification as to interest, without costs in the General Term or in this court.

All concur, except TRACY, J., absent.

Judgment accordingly.