HENRY WHEELER, Respondent, v. GEORGE W. MILLAR, Appellant.

In an action under the General Manufacturing Act (§ 10, chap. 40, Laws of 1848), against an alleged stockholder of a corporation organized under

it, to charge him with an indebtedness of the corporation, on the ground that the capital stock had not been fully paid in, it appeared that defendant was one of the original corporators and signed the articles of incorporation ; that he subscribed for fifty shares of the stock, but did not pay for them ; that he was a trustee and the secretary of the corporation and actively engaged in its management, and that he appeared upon the books of the corporation as a stockholder. *Held,* that this evidence was sufficient to justify a finding that defendant was a stockholder ; that neither the issuing of a certificate, nor payment, was essential to make him such.

*Mills* v. *Stewart* (41 N. Y. 384), *Tracy* v. *Yates* (18 Barb. 152), *Seymour* v. *Sturgess* (26 N. Y. 134), distinguished.

Defendant set up as an equitable offset an alleged indebtedness of the corporation to him. It appeared that the amount of his claim was less than the amount due upon his subscription for stock. *Held,* that defendant was not entitled to the offset claimed ; that he was bound first to pay his own debt to the corporation, and only in case there was a balance due him after such payment was he entitled to an allowance to the extent of that balance ; that it was immaterial that his claim had not been actually applied on the subscription, as plaintiff had a right to insist that equitably it should be so applied when defendant stands upon an equitable right.

Also *held,* that it was not necessary that defendant's indebtedness to the corporation should have been pleaded, as it was not required of plaintiff to anticipate the defense.

Also *held,* that it was no answer that defendant's liability upon his subscription could not be asserted in this action ; that plaintiff had the right to contend that, as defendant's claim could apply only on one liability, the other remained, and could insist that no equitable right arose against the statutory liability.

*Agate* v. *Sands* (73 N. Y. 620), distinguished.

The referee computed the interest on plaintiff's demand from the date on which it became due from the company, instead of from the date of the commencement of the action ; the indebtedness was less than defendant's liability as a stockholder, and the allowance of interest did not swell it beyond that limit. *Held* no error.

*Burr* v. *Wilcox* (22 N. Y. 557), distinguished and limited ; *Handy* v. *Draper* (89 id. 334), *Shellington* v. *Howland* (53 id. 372), distinguished.

(Argued October 18, 1882 ; decided November 21, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made the first Tuesday of May, 1881, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 24 Hun, 541.)

The nature of the action and the material facts are set forth in the opinion.

*C. E. Coddington* for appellant.    The award of interest from the date when the debt was payable by the company is erroneous. (*Burr* v. *Wilcox*, 22 N. Y. 551, 557 ; *Chase* v. *Lord*, 77 id. 1; *Van Rensselaer* v. *Jewett*, 2 id. 135; 140 ; *Barnard* v. *Bartholomew*, 22 Pick. 291 ; *Munger* v. *Jacobson*, 12 Rep. 330 ; *Cole* v. *Butler*, 43 Me. 401 ; *Sackett's B'k* v. *Blake*, 3 Rich. Eq. 225 ; *White* v. *Miller*, 78 N. Y. 393.)    In the absence of special authorization of the board, the power of individual trustees or officers of a corporation is confined within the limits prescribed by the charter and by-laws. (*Soper* v. *Buffalo R.*, 19 Barb. 310, 312 ; *Allegany Work-house* v. *Moore*, 11 Rep. 445 ; Ang. & Ames on Corp., § 239 ; *Adriance* v. *Roome*, 52 Barb. 399 ; *Reilly* v. *Indianapolis*, 1 Hun, 202.)    The authority of the company's agents in the transactions cannot be questioned.    The company received the benefit of the offset, never repudiated any part of it, and hence could not question its agent's authority. (*Olcott* v. *Tioga R.*, 27 N. Y. 546 ; *Randall* v. *Van Vechten*, 19 Johns. 60 ; Ang. & Ames on Corp. § 240; 1 Pars. on Cont. [1st ed.] 118.)    The fact that defendant was a trustee of the company does not defeat his offset. (*Twin Lock Co.* v. *Marbury*, 1 Otto, 589 ; Ang. & Ames on Corp., § 233 ; *Johnson* v. *Bennett*, 39 Barb. 237 ; *Olcott* v. *Tioga R.*, 27 N. Y. 546, 567 ; *Stewart* v. *Lehigh R.*, 38 N. J. Law, 505, 524 ; *Merrick* v. *Peru Co.*, 1 Ill. 472 ; *Mathez* v. *Niedig*, 72 N. Y. 100 ; *Black R. Ins. Co.* v. *N. Y. T. Co.*, 73 id. 282, 290.)    Defendant's claim against the company is a defense to any recovery by plaintiff in this action. (*Mathez* v. *Niedig*, 72 N. Y. 100 ; *Agate* v. *Sands*, 73 id. 620 ; *Garrison* v. *Howe*, 17 id. 463 ; *Matter of Empire Bk.*, 18 id. 227.) Defendant's offset cannot be applied upon his subscription liability, for there is no finding or evidence that the parties so applied it. (*Agate* v. *Sands*, 73 N. Y. 629.)    Millar's subscription liability cannot be enforced in this action. (*Griffith* v. *Mangam*, 73 N. Y. 611 ; *Morgan* v. *N. Y. & A. R.*, 10

Paige, 290; *Mann* v. *Pentz*, 3 N. Y. 416; *Veiller* v. *Brown*, 18 Hun, 571; *Walsh* v. *Memphis R.*, 6 Fed. Rep. 797; *Aden* v. *Milwaukee, etc., Co.*, 13 Wis. 57; 2 R. S. 463, §§ 36, 37; id. 471, § 79; *Rankine* v. *Elliot*, 16 N. Y. 377.) Defendant was not a stockholder within the meaning of section 10 of the act of 1848. (*Burrall* v. *Bushwick R.*, 75 N. Y. 216–217; *Seymour* v. *Sturges*, 26 id. 134, 145; *Tracy* v. *Yates*, 18 Barb. 152; *Mills* v. *Stewart*, 41 N. Y. 384, 386; *Busey* v. *Hooper*, 35 Ind. 15, 37; *Chase* v. *Sycamore R.*, 38 Ill. 215, 218; *Hamilton, etc., Co.* v. *Rice*, 7 Barb. 157, 167; *Heath* v. *Erie R.*, 8 Blatchf. 347; *Chase* v. *Lord*, 77 N. Y. 1.) Plaintiff was bound to prove that his assignors had exhausted their legal remedies of judgment and execution against the company. (*Parrott* v. *Colby*, 6 Hun, 55; affirmed, 71 N. Y. 597; *Lindsley* v. *Simonds*, 2 Abb. [N. S.] 69; *Birmingham B'k* v. *Mosser*, 14 Hun, 605; *Kincaid* v. *Dwinelle*, 59 N. Y. 551; *Robbins* v. *Wells*, 26 How. Pr. 15; *McDonald* v. *Bunn*, 3 Denio, 45; *Rex* v. *Bowman*, 6 C. & P. 337; *Taylor* v. *Moffatt*, 2 Blackf. 305.)

*Olin A. Martin* for respondent. The proof that Millar was a stockholder is ample. (*Herries* v. *Wesley*, 13 Hun, 593; *Phœnix W. Co.* v. *Badger*, 6 id. 293; *Burr* v. *Wilcox*, 22 N. Y. 551. Thompson's Liability of Stockholders, § 215.) The alleged equitable offset of the defendant could not, under the circumstances disclosed, constitute a defense to this action. (*Garrison* v. *Howe*, 17 N. Y. 458; *Matthews* v. *Alberts*, 24 Md. 527, 536; *Mathez* v. *Niedig*, 72 N. Y. 100, 105.) The extent of Millar's liability to the plaintiff in this action is not limited to the amount of stock he held or subscribed for; there is also the amount of his subscription, $5,000, wholly due and unpaid, as to which this plaintiff is entitled to be subrogated to the rights of the company. (*Carnier* v. *Lawrence*, 3 Sandf. 164; *Dutchess Manuf. Co.* v. *Davis*, 14 Johns. 238; *Busey* v. *Hooper*, 35 Md. 15; Angell & Ames on Corp., § 518; *Bartlett* v. *Drew*, 57 N. Y. 587; *Adler* v. *M. P. Brick Co.*, 13 Wis. 60; *Matthews* v. *Albert*, 24 Md. 527, 535; *Brown*

v. *Smith*, 14 Hun, 408 ; *Upton* v. *Tribilcock*, 91 U. S. Sup. Ct. 47 ; *Webster* v. *Upton*, id. 65 ; *Sanger* v. *Upton*, id. 60, 64 ; *Hatch* v. *Dano*, 101 id. 205 ; 21 Alb. L. J. 470 ; *Nulton* v. *Clayton*, 1 Iowa Sup. Ct. ; 22 Alb. L. J. 435 ; *Spears* v. *Crawford*, 14 Wend. 20 ; *Hartford & H. R. Co.* v. *Kennedy*, 12 Conn. 500 ; *R. & W. P. Co.* v. *Barton*, 16 N. Y. 460 ; *Small* v. *Herkimer Manuf. Co.*, 2 Comst. 335 ; *Dayton* v. *Borst*, 31 N. Y. 437; *H. & N. H. R. Co.* v. *Crowell*, 5 Hill, 348 ; *W. & M. R. Co.* v. *Dwyer*, 49 Iowa, 121.) He is also liable for interest upon an amount equal to his stock. (*Burr* v. *Wilcox*, 22 N. Y. 551.)

FINCH, J. The defendant is sued as a stockholder of the Mallary Paper Bag Manufacturing Company, a corporation organized under the General Manufacturing Act, and is sought to be made liable for an indebtedness of that corporation to plaintiff, upon the ground that its capital stock had not been fully paid in. The latter fact is undisputed, but it is answered that the defendant was not a stockholder, and not liable to the plaintiff as such. The referee has found as a fact that the defendant was a stockholder, and upon evidence which warranted that conclusion. It was proven that he was one of the original corporators, and signed the articles of incorporation ; that he subscribed for fifty shares of the stock, although he had never paid for them ; that he was a trustee of the company, and acted as such, thus recognizing his ownership of stock, without which he could not have held such office ; that he was secretary of the company and actively engaged in the management of its affairs ; that he appeared upon the stock-book of the corporation as a stockholder therein to the extent of fifty shares of the stock ; and that although called upon to produce such book, he failed to do so, alleging that it was lost. It is now insisted that all these facts establish only that he was a subscriber to the stock, and not a stockholder, and that he could only become the latter by the issue to him of a certificate, or by actual payment for the stock. But the certificate is only evidence of ownership. Its issue and acceptance show an acknowledgment of that fact on both sides,

but such acknowledgment may equally be inferred from other facts in the absence of a certificate. Nor is payment indispensable. The statute which underlies this action distinctly recognizes that there may be stockholders in a company whose capital has not been paid in, and fastens upon them a liability as such by reason of that very non-payment. The authorities to which we are referred by the appellant do not sustain his position. The one mainly relied on (*Mills* v. *Stewart*, 41 N. Y. 384) was a case in which the subscriber to the stock of a railroad corporation, who had paid the ten per cent necessary to make his subscription valid, had thereafter omitted to pay the further installments demanded, and in consequence his stock had been duly forfeited in accordance with the regulations of the company. After such forfeiture it was very properly held that he was not a stockholder, and what was said by Murray, J., which is pressed upon our attention, amounted only to this, that one must be a stockholder in fact, to be liable, and not merely a subscriber whose stock has been forfeited, and who no longer holds it. *Tracy* v. *Yates* (18 Barb. 152) was a case where a note was taken upon the express stipulation that "when paid" it should be in full of so many shares of stock. Payment, by the express terms of the contract, was made a condition precedent to the passing of the title. In *Seymour* v. *Sturgess* (26 N. Y. 134) the facts were complicated and peculiar, but the defendant was conceded to be a stockholder, and the real question was upon his liability under the provisions of a Maryland charter. In *The Hamilton & Deansville Plank Road Co.* v. *Rice* (7 Barb. 159) the defendant never signed the articles of association, but subscribed for and accepted a certificate of stock. None of these cases lay down an arbitrary and inflexible rule. A share of stock like other property may be sold on credit. The title may pass, the right become vested, if such be the intention and contract of the parties, although payment is deferred and the usual written evidence of title is absent. Whatever may be said of a case where no fact is present as the foundation of an inference that title has passed, except the bare fact of a subscription, it is entirely reasonable that where, in

addition, the corporation has explicitly recognized the alleged
stockholder as such, and the latter has acted in that capacity,
such facts should be deemed sufficient to justify a conclusion
of ownership, and make the subscriber a stockholder.   Certainly
the rule has been carried even further than this (*Spear* v.
*Crawford*, 14 Wend. 20 ; *Burr* v. *Wilcox*, 22 N. Y. 551) ; but
whether correctly or not it is unnecessary at present to consider.
There was enough in the facts of the present case to justify
the conclusion that the defendant was a stockholder and owned
the fifty shares for which he subscribed.

And thus the defendant is left in a position exposed to the
statutory liability for the debts of the company to the extent
of $5,000, being the par value of his stock.   He meets the
emergency by pleading an equitable offset to the plaintiff's
claim, founded upon an alleged indebtedness of the company
to him.   He has a right to make such defense.   (*Mathez* v.
*Neidig*, 72 N. Y. 100 ; *Agate* v. *Sands*, 73 id. 620.)   The first
of these cases carefully explains the basis upon which the de-
fense stands.   The statutory liability arises whenever the whole
capital stock has not been paid in.   The stockholder sued may
have paid in full, but that does not relieve him, if others
are in default.   (Laws of 1848, chap. 40, § 10.)   He is still
liable to an amount equal to his stock, so long as the whole
capital is not fully paid.   But that liability constitutes a fund
which any creditor of the company may reach.   If now the
stockholder sued is himself such creditor to an amount equal-
ing his statutory liability, he has quite as good a right to the
fund which is pursued, as the pursuer.   Indeed, he has the
better right, because it is already in his possession, and it would
be inequitable to take it from him for the benefit of another
creditor who has no superior equity.   But the stockholder
must be really a creditor of the company.   He must stand in
a relation to it which in equity and justice is as strong as that
of the assailant.   It is claimed here that such is not the defend-
ant's position, and that he is not in reality a creditor of the
company at all, because he owed the corporation on his unpaid
subscription as much or more than the company owed him ;

and that against the creditor seeking the statutory fund in his hands he cannot set up an equitable claim upon it while his own debt to the company remains unpaid, and is more than enough to balance and extinguish his demand as a creditor.

It is best to examine, first, so much of the accounts between defendant and the corporation as will develop the exact relation existing between them. The total of Millar's claim against the company, as he states it, is $15,728.64; and the credit of the company, exclusive of the stock subscription, is $9,884.12; leaving in his favor, as he insists, a balance of $5,844.52. But the balance found by the referee is only $2,081.74; so that the defendant claims $3,762.78 more than the referee allows. The items constituting this excess are stated in detail and their merits discussed. One of them is the Shuttleworth note of $1,000. But, as we understand the facts, after as patient a study of their complications as was possible, that note was already allowed by the referee, and not rejected. It is represented in his findings by the check of October 12, 1874, with which defendant was credited. He transferred the Shuttleworth note with his own indorsement; and thereafter took it back, giving his check for the amount he had received, and returned the note to the company. He is credited with that check instead of with the note returned. With this $1,000, he should not be credited twice, and deducting it from the balance claimed by defendant, his debt against the company, on his own showing, was $4,844.52, or less than the $5,000 due on his subscription. This view of the case takes no heed of the question raised against him of his use of a partnership name in violation of the statute, and deducts nothing from his demand on that account. We are thus enabled to consider the question raised in view of the facts. In *Mathez* v. *Neidig* (*supra*) it did not appear that the stockholder sued owed any thing to the company on an unpaid subscription. He stood a creditor of the company for the full amount of his advances. In that position he had the same right to resort to the fund represented by his statutory liability as the creditor who assailed him. The latter had no superior equity. But here the facts show that the stockholder is not a creditor when accounts are adjusted and

has no equity against the fund in his hands. He is bound first to pay his own debt to the company, and is in the end not its creditor at all. If, after paying his debt, the company still owed him, to the extent of that balance he would have an equitable defense. But the balance is the other way. Equitably he is the debtor of the company with his claim against it extinguished, and has nothing upon which to found an equitable claim against the statutory liability. It is of no consequence that his debt has not been actually applied on the subscription. The plaintiff has the right to insist that equitably it should be so applied, when the defendant stands upon an equitable right. Nor is it an answer to say that his debt to the company has not been pleaded, and does not come within the scope of the complaint. It does come within the issue. The plaintiff pleaded his cause of action. He was not required to anticipate a defense. He had a right to wait till it came. It was pleaded in the answer, but that alleged, with the unpaid subscription in view, that the debt which the company owed was in excess of, and over and above the debt due it. This allegation was denied, and thus the complete issue was raised. Nor is it an answer, again, that defendant's liability upon his subscription cannot be asserted by the creditor in this action. It is clear that the latter had a double remedy and a right to resort to two funds. The unpaid subscription was assets of the company, bound in equity for the payment of its debts. (*Briggs* v. *Penniman*, 8 Cow. 396; 2 Story's Eq. Jur., § 1252.) The plaintiff could have maintained an action, after exhausting his remedy at law, to reach these assets, and be subrogated to the right of the company, and without joining other stockholders or creditors. (*Hatch* v. *Dana*, 101 U. S. Sup. Ct. 205; *Bartlett* v. *Drew*, 57 N. Y. 587.) The plaintiff's complaint alleges every necessary fact to sustain such cause of action except the non-payment of the subscription, and that fact was supplied in the proof without objection. The defendant was also liable under the statute to an amount equal to his stock. All the facts, and all the parties necessary to enforce payment out of either fund were before the court. Can the defendant, under such circumstances,

use the same debt so as practically to defeat both remedies? If he can it is at least a very singular result. We think the plaintiff had the right, upon the whole case before the court, to contend that, as defendant's debt could apply only on one liability, the other remained; that his equity was the stronger; and that he could insist that no equitable right against the statutory liability to him arose when the defendant was not in equity a creditor of the company at all, but in reality its debtor. In *Agate* v. *Sands* (73 N. Y. *supra*) this precise question did not arise. The debt of the creditor who sued was $2,400; the shareholder's stock was $5,000, but his debt against the company was $10,000, or enough to extinguish both his statutory liability and his subscription if he owed the whole amount. It remains, therefore, only to consider the questions growing out of the debt or demand which the plaintiff sought to enforce. The questions of fact we cannot review. The alleged errors in computation depend upon such questions. After a careful study of the accounts we cannot feel sure that such errors existed. They are mainly arrived at by comparison of the printed books which were produced and made exhibits in the case with the accounts of the printers. The latter claim, and their witness, Norton, swore, that all the pages printed were not represented by the exhibits. A similar observation applies to Norton's alleged want of authority to bind the company. If his story was true the referee was justified in holding that such authority existed.

A further question is raised respecting the allowance of interest. The referee computed it from July 3, 1875, the date at which the debt was due from the company, instead of December 26, 1877, the date at which the stockholder was sued. It is claimed that the latter was the true rule of interest upon the authority of *Burr* v. *Wilcox* (22 N. Y. 557). The language of the opinion in that case was broad enough to justify the appellant's contention, when read without reference to the facts before the court. Those established that Wilcox owned $1,000 of stock, while the plaintiff's debt was nearly double that amount. The recovery thus was necessarily limited to the

amount of the stock, and the court said that interest upon that amount could be allowed from the date of the commencement of the suit. The same doctrine was applied under similar circumstances in the recent case in this court of *Handy* v. *Draper* (89 N. Y. 334). And the same rule as to interest was adopted in *Shellington* v. *Howland* (53 id. 372). These cases, however, do not determine the rule where the debt of the creditor is less than the stockholder's liability, as such, and the allowance of interest does not swell the recovery beyond that limit. It was said in *Corning* v. *McCullough* (1 N. Y. 56) that " the personal liability of the stockholder for the payment of the debt is immediate and absolute the moment the debt is contracted or incurred by the company." The creditor's debt consists both of principal and interest. He is just as much entitled to the latter as the former, and the liability to pay the debt must necessarily include the accrued interest up to the statutory limit. When that is reached any further interest runs only upon that sum from the date of the commencement of the action. The entire principal and interest of the debt in the present case did not exceed the limit of liability, and the allowance of interest from the maturity of the debt was therefore proper, and violated no right of the defendant.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.