Knickerbocker Trust Company, Respondent, *v.* George M. Hard, Appellant, Impleaded with George M. Dodge and Others.

*Subscription to stock — ten per cent must be paid at the time or it is invalid — a promise by subscribers to pay their subscriptions on stock pledged to secure a loan to the corporation.*

While, under section 41 of the Stock Corporation Law, subscriptions to the stock of a corporation are not valid unless ten per cent of the amount subscribed by the subscriber is paid at the time of such subscriptions, and if such ten per cent is not paid an action cannot be maintained upon the subscription contract by the corporation or a person claiming under it, yet where subscriptions of that character are pledged as security for a loan to the corporation made at the request, of the persons subscribing for the stock, and the agreement also contains distinct promises of the subscribers to pay their subscriptions on default of the corporation, an action will lie on such promises irrespective of the invalidity of the subscriptions.

Appeal by the defendant, George M. Hard, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of New York on the 21st day of August, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling said defendant's demurrer to the complaint.

*George Edwin Joseph,* for the appellant.

*Herbert Barry,* for the respondent.

PATTERSON, J.:

This appeal is from an interlocutory judgment overruling a demurrer to the complaint, the ground of the demurrer being that it appeared upon the face of the complaint that it did not state facts sufficient to constitute a cause of action. The allegations of the complaint are to the effect that the plaintiff made a loan of $20,000 to the Smith-Vassar Telephone Company, which loan was made at the request of the individuals who are defendants in this action; that the telephone company made and delivered to the plaintiff its promissory note for the amount of the loan and an agreement in writing was executed between the telephone company, the plaintiff and the individual defendants, a copy of which agreement is annexed to the complaint and made a part thereof and by which it was stipulated that the plaintiff should loan to the telephone company the amount mentioned, being the total amount of the subscriptions at par for shares of stock of the telephone company agreed to be taken by the several defendants; that those defendants severally subscribed for and agreed to take at par the number of shares set opposite their respective names (twenty shares each), such subscriptions to be payable when the note given by the telephone company became payable, and payment of the subscriptions was to be made to and become enforcible by the plaintiff. The telephone company assigned the subscriptions to the plaintiff as security for the payment of the note, and it was further provided in the agreement as follows: "In case of the failure of any subscriber to make payment to the trust company, as herein provided, the remaining subscribers shall be liable jointly and severally to pay such unpaid subscription." It was also provided in the agreement that certificates of stock should be issued by the telephone company to each of the subscribers and that these certificates should

be deposited with the plaintiff, and in case of the failure of either of the individual defendants to pay his subscription, as provided in the contract, the certificates of stock might be sold by the plaintiff and the proceeds applied to the payment of the note. After certain renewals of the note the telephone company defaulted in payment; the individual defendants were called upon to comply with the terms of their agreement. They all failed to do so but two; thereupon the shares of stock of the defaulting defendants were sold and the proceeds applied in reduction of the indebtedness on the note and subsequently this action was brought upon the agreement.

The demurrant has treated the action as if it were one brought solely to enforce the subscriptions of the individual defendants to the stock of the telephone company, and claims that the plaintiff is in no better position respecting such enforcement than the telephone company would have been had the action been instituted by it. That the telephone company could not have recovered in such an action is conceded, because by the 41st section of the Stock Corporation Law it is peremptorily required that where stock is issued for money every subscriber shall pay in cash at the time of his subscription, ten per cent upon the amount subscribed by him, and that no subscription shall be received or taken without such payment. No valid contract of subscription existed unless ten per cent was paid at the time of subscription. That proposition is not disputed by the respondent, but it is insisted from all that appeared that the shares subscribed for by the defendants here were what is called treasury stock, and that a presumption will be indulged in that such stock was not an original issue to be paid for in cash. There is no room for such a presumption in this case, nor is it important that the nature of the subscriptions should be determined. Taking all the allegations of the complaint in connection with the agreement, it is evident that the action is brought upon that agreement against these defendants upon their individual promises. They are independent promises made to the plaintiff who advanced money *at the request of the promisors,* upon the distinct stipulation that those promisors would in a certain event pay to the plaintiff sums of money at a certain time in order that a fund might be provided for the pay-

ment of the indebtedness of the payee of the note in case the note were dishonored at its maturity.

As the complaint is susceptible of the construction we have given it, the demurrer was properly overruled.

The interlocutory judgment must, therefore, be affirmed, with costs, with leave to the appellant to withdraw the demurrer and interpose an answer, on payment of costs in this court and in the court below.

VAN BRUNT, P. J., INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Judgment affirmed, with costs, with leave to appellant to withdraw demurrer and answer on payment of costs in this court and in the court below.