## THE CUMBERLAND LUMBER COMPANY

*v.*

## THE CLINTON HILL LUMBER COMPANY et al.

[Filed February 13th, 1903.]

1. The stockholders of a corporation cannot intervene, in an insolvency suit against it, to interpose defences that the corporation itself cannot set up.

2. While the stockholders of a corporation cannot interpose any defences to an insolvency suit against it that the corporation itself cannot set up, they can have the validity of matters alleged as a defence to their liability as stockholders adjudicated in suits brought by the receiver to collect assessments levied against them.

3. When a corporation has been decreed insolvent and a receiver appointed, interest on the corporation's debt should be included in an assessment against the stockholders.

4. A receiver of an insolvent corporation is entitled to have expenses incurred in suits brought pursuant to the court's order included in an assessment against the stockholders, even though the costs paid in such suits went to persons to be assessed as stockholders.

5. The receiver of an insolvent corporation is entitled to have an allowance for his fees and those of his counsel included in an assessment against the stockholders.

---

On application of receiver to assess stockholders, and application of stockholder to open decree on bill, &c.

*Mr. Frank E. Bradner,* for the stockholders.

*Mr. James E. Howell,* for the receiver.

EMERY, V. C.

The application to open the decree in the insolvency proceedings for the purpose of allowing the respondents, claimed to be stockholders, the opportunity to litigate in that case, the questions presented by the petition must be denied.

That decree was made on a bill filed by the Cumberland Lumber Company and Strieby, Sprague & Company, creditors of the Clinton Hill Lumber and Manufacturing Company, an insolvent corporation, and the claims of complainants were based upon decrees of this court previously made in causes in which they were complainants and the Clinton Hill company was one of the defendants. The Clinton Hill company appeared in these suits and contested them, and, upon its appeal, the decrees were sustained. The company appeared by solicitor in the suits and on the appeal. Subsequently a receiver was appointed in insolvency proceedings against the company, on a bill filed April 9th, 1895, after service upon one William S. Ketcham, as the president of the company. He had in the previous suits against the company acted, or assumed to act, as such officer. Upon the application of the receiver to assess stockholders for the payment of debts, the present petitioners, who are stockholders, or alleged stockholders, of the company, apply to open the decree in the insolvency proceedings, for the purpose of allowing them as individuals to set up defences, which may be divided into the following classes: *First,* that the Clinton Hill company was never a corporation *de jure* or *de facto; second,* that no certificates of stock were ever issued; *third,* that William S. Ketcham, Jr., appeared in the suits as an officer of the company without authority; *fourth,* that the decree in insolvency was entered without notice to the alleged corporation or any of the present alleged stockholders, except William S. Ketcham, Jr., and was made without authority, and that one of the complainants, Strieby, Sprague & Company, had knowledge, before instituting proceedings against the corporation, that it had no existence in law or in fact. Nothing is alleged against the other complainant, but its claim has been purchased since these proceedings for assessments were instituted by one of the respondents.

In my judgment none of these questions would have been triable in the insolvency proceedings had the present application been then made. So far as relates to the existence *de facto* of the alleged corporation, the decrees in chancery in the suits brought by the complainants were necessarily conclusive upon

the point, so far as the corporation is concerned, and are still conclusive. If there was a corporation *de facto,* the court of equity would seem to have no jurisdiction to try the question whether there was a corporation *de jure.* *Attorney-General* v. *American Tobacco Co., 10 Dick. Ch. Rep. 352,* and cases cited at *pp. 368, 369; affirmed on appeal, 11 Dick. Ch. Rep. 847.* The corporation was the only defendant in the insolvency suit, and the stockholders, if they could be permitted to intervene for any purpose, would not be permitted to intervene in that suit, as parties or otherwise, to set up defences which the corporation itself could 'not have made. Unless there is a defence on the merits, the corporation itself would not be entitled to open the decree. The effect and finality, as against petitioners, of the decrees, either in the original suits or in the insolvency proceedings, is another matter, and, as against them, the validity of the present defences are matters for adjudication in the suits to be brought by the receiver to recover the assessments. This was the view which I took as to some of these defences, when they were presented as defences to the order for assessment, and *a fortiori* the decree in insolvency should not be opened for the purpose of trying them in that suit at this late day, after the time for appeal has passed and when the decree has been enrolled.

*Second.* The claims of creditors, with interest on them, are to be included in the amount to be assessed. As against a stockholder, interest is to be allowed to the same extent as if the action were against the corporation itself, not exceeding, however, the maximum liability of the stockholder for unpaid stock. *Richmond* v. *Irons, 121 U. S. 27, 64 (1886) ; 6 Thomp. Corp. § 7314.*

*Third.* The costs paid by the receiver in the suits at law authorized to be brought by the order of the court are to be included in the assessment. These will include his own taxed costs. The general rule seems to be settled that the receiver is to be allowed for expenses in suits which have been incurred by the express direction or approval of the court appointing him. *2 Dan. Ch. Pr. (6th Am. ed.) *1747.* The costs on appeal should also be allowed. These were expenses necessarily incurred in the

performance of the receiver's duties. The contention in this case is that the general rule as to the reimbursement of the receiver's expenses should not apply, because the costs paid were paid to the persons now assessed as stockholders or alleged stockholders, and that therefore the order for assessment is, in effect, an order that they should repay the costs which have been made to them. But upon the question of the right of the receiver to reimbursement of expenses properly and necessarily incurred in executing his trust, the coincidence that the stockholders assessed for repayment, or some of them, are the persons to whom the payments were made, cannot, as it seems to me, vary the general rule. The right of the receiver to reimbursement from the trust fund depends on the necessity or propriety of the payments and expenses he has made or incurred in carrying out his trust, and to this extent he is entitled to protection and reimbursement. As to the bulk of the costs, viz., those incurred in the suits at law, these would, as it now turns out, have been unnecessary had the respondents appealed promptly from the original order of assessment, instead of delaying until after the suits had been brought and the statutory period for appeal had nearly expired. As to the costs on appeal, the receiver, having the order below in his favor, was entitled and, I think, bound to assert it in the court of appeal, and is entitled, as any other trustee would be, to the necessary and proper expenses of appeal.

*Fourth.* In addition to the costs, a proper allowance for counsel and receiver's fees should be allowed, including an allowance for the probable litigation in prosecuting the assessments. The allowance for counsel fee will be $1,000, and for the receiver's fee, $150.