(128 App. Div. 127.)

MAY v. CHARLOUIS et al.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

MONEY SENT—ACTIONS—PLEADING—SUFFICIENCY.

> The complaint in an action to recover money loaned to a corporation at the request of defendants, under an agreement executed by subscribers, including defendants, and on the promises therein contained, made in view of the loan, and which authorized the procurement of the loan on the faith of such agreement, was not bad for failing to allege any precedent judgment against the corporation, or any plea of excuse for not obtaining such judgment.

Appeal from Trial Term, Kings County.

Action by Moses May against Jean I. Charlouis and another. From an interlocutory judgment overruling their demurrer to plaintiff's amended complaint, defendants appeal. Affirmed, with leave to plead over on payment of costs.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Archibald R. Watson, for appellants.

Sidney Lowenthal and Ira Leo Bamberger, for respondent.

JENKS, J. If this action was to enforce the subscriptions of the defendants to the stock of the corporation, the demurrer would be good, because it appears that section 41 of the stock corporation law (Laws 1892, c. 688, p. 1835), which requires that each subscriber should pay in cash at time of subscription 10 per cent. of his subscription, was not complied with. Hapgoods v. Lusch, 123 App. Div. 23, 107 N. Y. Supp. 331, and cases cited. But the plaintiff complains that the loan to the corporation was made at the request of the defendants, upon the security and faith of the agreement executed by subscribers, including these defendants, and upon the promises therein contained, which were made in express contemplation of the loan, and which authorized the procurement of the loan upon the faith of such agreement. In view of these allegations, I think that the complaint can be upheld under the judgment in Knickerbocker Trust Co. v. Hard, 67 App. Div. 463, 73 N. Y. Supp. 979. I think that the complaint is not bad, in that it does not contain any allegation of a precedent judgment against the corporation, or any plea of excuse for not obtaining such a judgment. The reason is that the plaintiff does not plead a liability which merely presents the corporation as the "primary debt-

or" and the defendants as "ultimate and subsidiary" debtors, to use the expressions of the court in Handy v. Draper, 89 N. Y. 335.

The interlocutory judgment is affirmed, with costs, with 'leave to plead over on the payment of costs. All concur.