### CARD v. GROESBECK.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. EXECUTION (§ 341*)—RETURN—"NULLA BONA."
   A return on an execution "nulla bona" is a return that the execution is uncollectible.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1024; Dec. Dig. § 341.*

   For other definitions, see Words and Phrases, vol. 5, p. 4867.]

2. CORPORATIONS (§ 252*)—LIABILITY OF STOCKHOLDERS—UNSATISFIED EXECUTION AGAINST CORPORATION.
   A return on an execution against a corporation nulla bona is a return that the execution is not collectible against the corporation, and is sufficient to make the stockholder liable under Stock Corporation Law (Laws 1909, c. 61 [Consol. Laws, c. 59]) § 57, making a stockholder liable after the return of an execution unsatisfied against the corporation.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1016–1023; Dec. Dig. § 252.*]

3. CORPORATIONS (§ 273*)—STOCKHOLDERS—LIABILITY.
   One sued a corporation for personal services rendered it, and on assigned claims, one of which in part was for personal services rendered the corporation by the assignor. The jury, in answers to questions submitted, found the value of plaintiff's claim for his own services and the amount of the recovery on the two assigned claims. An execution against the corporation was returned unsatisfied. *Held*, that a stockholder was liable for the two claims for services together with the costs of the action.

   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 273.*]

Appeal from Trial Term, Jefferson County.

Action by Lewis H. Card against Leonard H. Groesbeck. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

C. A. Hitchcock, for appellant.
Mason M. Swan, for respondent.

KRUSE, J. The plaintiff, a former employé of the Prospect Park Company, a domestic stock corporation, seeks to hold the defendant, a stockholder thereof, personally liable for his claim for services performed by him for the corporation. He recovered a judgment, and the defendant appeals. The liability is asserted under the provisions of the stock corporation law (Laws 1909, c. 61 [Consol. Laws, c. 59]), which make a stockholder liable for such a claim upon the laborer giving notice in writing to the stockholder within 30 days after the termination of such services that he (the laborer) intends to hold the stockholder liable, and commencing his action against the stockholder within 30 days after the return of an execution, unsatisfied, against the corporation upon a judgment recovered against it for services. Section 57. The act further provides that the amount due on the execution shall be the amount recoverable, with costs, against the stockholder. Section 59. The act contains other provisions, which need not be referred to at this time. The plaintiff brought an action against the Prospect Park Company in the Supreme Court, upon three separate claims; one for his personal services performed for the company, and two other claims, which had been assigned to him. The Prospect Park Company denied the allegations of the complaint, except that it was a corporation. A trial was had and the jury, under instructions of the presiding judge, found in answer to questions specifically submitted to it that the plaintiff was entitled to recover upon the claim for his own services the sum of $115; that he was entitled to recover upon one of the assigned claims $469.99 and upon the other $50.

The assigned claim for $469.99 includes the value of labor performed by one George E. Card, for the Prospect Park Company, to the amount of $231.87. This action is brought to recover the two claims for labor, namely, $115 for the personal services of the plaintiff and $231.87 for the work done by George E. Card, besides $147.44, the costs allowed in the action against the corporation, making $494.-31, for which judgment was directed, execution having been issued upon the judgment against the corporation to the sheriff of Jefferson county, and by him returned wholly unsatisfied (although the sufficiency of his return is questioned by the defendant). The defendant conceded on the trial of this action the value of the labor, and the evidence conclusively establishes that the work was done as claimed.

As has been stated, the defendant challenges the sufficiency of the return on the execution by the sheriff. No question is raised, but that the sheriff returned the execution to the clerk's office, as he was directed to do by the process; but the only return indorsed thereon is the words "Nulla bona"; and it is claimed that these words mean "No goods," while the execution requires the sheriff to satisfy the execution out of real as well as personal property. Without going into the history of the use of these words or into an extended

discussion of their meaning, it is sufficient to say that this form of return, as generally understood, means that the execution is uncollectible, and has been held sufficient in an action similar to this. Wheeler v. Miller, 24 Hun, 541, affirmed 90 N. Y. 353. See, also, Crocker on Sheriffs (3d Ed.) § 428.

The more serious objection is that of joining in one action against the corporation the claims in controversy here, with others for which the defendant concededly is not liable; and including in the judgment such other claims. I would think the objection good if the defendant stockholder had been prejudiced thereby; but, as has been seen, neither the nature nor amount of the claim is in dispute here. Nothing was realized upon the execution; the claims are concededly wholly unpaid; all the costs which were allowed in the action would have been recovered if the action against the corporation had been upon the claims for services alone; and the plaintiff's remedy against the corporation exhausted, as the statute contemplates.

I am not aware that the precise question has been decided by any of the appellate courts of this state, and the decisions in other jurisdictions called to my attention afford but little assistance in determining the question involved here, with the possible exception of the case of Stedman v. Eveleth, 6 Metc. (Mass.) 114; and the conclusion reached here is quite in harmony with the reasoning of that case.

It is contended that the claims having been in dispute, in the action against the corporation, there is no way of determining from the record what amount the jury allowed for labor; that the special findings of the jury were authorized. Section 1187 of the Code of Civil Procedure expressly authorizes special findings of fact by the jury; and the value thereof is concededly not now in dispute.

I think the notice to the stockholder was properly proven and was sufficient, and that none of the objections urged against the recovery are well taken.

The judgment and order should be affirmed, with costs. All concur.